1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE THOMPSON,

11          Petitioner,                    No. CIV S-05-1708 GEB EFB P

12   vs.

13   THOMAS L. CAREY,

14          Respondent.            <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner with counsel seeking a writ of habeas corpus.  *See* 28 U.S.C.

17   § 2254.  Petitioner filed his petition on August 24, 2005, challenging the 2000, 2001, 2003, and

18   2004 decisions to deny him release to parole.  Respondent has answered.  Pending before the

19   court is petitioner's April 13, 2006, request that respondent be directed to file the state court

20   record.  For the reasons explained below, the court finds that respondent must file the remainder

21   of the state court record.

22          On October 28, 2005, the court directed respondent to file and serve a response with "*any*

23   *and all* transcripts or other documents relevant to the determination of the issues presented in the

24   application." (Emphasis added).  On April 13, 2006, the court held a status conference at which

25   petitioner's counsel requested that respondent again be directed to file the entire state court

26   record.  Respondent's counsel informed the court that she would file all relevant state court

1

1   records with the answer.  The court directed the parties to discuss what additional records, if any,

2   respondent should be directed to submit after petitioner had an opportunity to review the answer.

3   Respondent filed an answer on April 14, 2006, attaching the following: (1) a copy of the

4   judgment and sentence; (2) the governor's November 15, 2004, decision reversing the Board of

5   Prison Hearings' (BPH) June 24, 2004, decision finding petitioner suitable for parole; (3) a

6   transcript of the June 24, 2004, hearing before the BPH; (4) petitioner's December 6, 2004,

7   petition for review in the California Supreme Court and attachment[1] thereto; and, (5) the

8   California Supreme Court's February 23, 2005, order denying the petition for review.  On April

9   21, 2006, the parties filed a letter stating their positions with respect to what respondent ought to

10  have filed with the answer.  Respondent asserts that since the court's October 28, 2005, order

11  cited only Rule 5 of the Rules Governing Section 2254 cases, he was required to file only

12  "transcripts," and that "by attaching the entire California Supreme Court record," he has

13  complied with this rule.  Petitioner asserts that respondent was required to file clerks' transcripts,

14  briefs and attachments thereto, and court opinions and orders related to all the challenged

15  proceedings.

16          This court cannot grant an application for a writ of habeas corpus unless it concludes that

17  the state court's adjudication on the merits resulted in a decision that was contrary to or an

18  unreasonable application of clearly established federal law, or resulted in a decision that was

19  based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C.

20  § 2254(d).  Upon order of the court, respondent must respond to a habeas petition and "show

21  cause why the writ should not be granted . . . ."  28 U.S.C. § 2243.  A respondent to a petition

22  filed by a prisoner challenging the judgment of a state court must  "attach to the answer parts of

23  the transcript that the respondent considers relevant."  Rule 5(c) of the Rules Governing Section

24  2254 Cases.  A respondent also must file all the briefs petitioner and the state submitted on

25
26          [1] Counsel attached a November 22, 2004, order of the appellate court discharging an
    order to show cause as improvidently granted and summarily denying habeas corpus relief.

1   appeal and the opinions and dispositive orders of the appellate court.  Rule 5(d) of the Rules

2   Governing Section 2254 Cases.  This scheme envisions that the respondent will produce all parts

3   of the state court record necessary to demonstrate that the petitioner is not entitled to relief.

4          The petition alleges that on October 12, 1983, petitioner was convicted of second degree

5   murder and assault with a firearm, and that on December 2, 1983, he was sentenced to 15 years

6   to life with a possibility of parole after 10 years.  *Pet. at 1.*  Petitioner clearly states that he

7   challenges specific proceedings related to his sentence:  "Challenge is not to the conviction, but

8   to the State's refusal to parole Petitioner in 2000, 2001, 2003, and 2004, although he is eligible

9   for parole."  *Id.*   In ground four, petitioner alleges that his "incarceration since 2000 based on

10  arbitrary State actions that violate due process constitutes cruel and unusual punishment."  *Pet.*

11  *at 11.*  Liberally construed, petitioner challenges each individual proceeding and asserts that the

12  repeated denial of parole without the decisions having any evidentiary support, other than

13  perhaps the offense itself, violates due process.  Respondent addresses only Governor

14  Schwarzenegger's 2004 reversal, asserting in a footnote without citation to any authority, that if

15  petitioner were to prevail on the claims that the earlier denials were unconstitutional the remedy

16  would be a hearing that satisfied the Constitution.  *Ans. at 2.*  Respondent essentially ignores

17  petitioner's fourth ground for relief and his demand for release.

18         The assertion that respondent satisfied Rule 5 because he produced the "entire California

19  Supreme Court record," and he need not produce the "appellate record" appears disingenuous.

20  As petitioner notes, once the California Supreme Court resolves a petition for review, the record

21  on appeal is returned to the appellate court.  The "entire supreme court record" that was

22  submitted here does not contain material portions of the appellate record, including the

23  administrative proceedings before the Board of Parole Hearings from 2000, 2001 and 2003, any

24  habeas petitions filed in the state court regarding the Board proceedings, and state court rulings

25  on such challenges and the state's motions, briefs and attachments that were filed in those

26  challenges.  Respondent cannot hide behind the finer points of California's procedures for

1   appellate review in an attempt to avoid Rule 5.  His exceedingly selective and unsupported

2   interpretation of Rule 5 hinders this court's ability to carry out its statutory obligations.

3        Accordingly, it is ORDERED that petitioner's April 13, 2006, request is granted and

4   respondent has until Monday, June 11, 2007, to file the record or to explain in writing why he

5   cannot.

6   Dated:   June 4, 2007.

7                        EDMUND F. BRENNAN

8                        UNITED STATES MAGISTRATE JUDGE