IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE THOMPSON,

    Petitioner,                       No. CIV S-05-1708 GEB EFB P

    vs.

THOMAS L. CAREY,

    Respondent.                     <u>ORDER</u>

                                   /

        Petitioner, through counsel, seeks a writ of habeas corpus on the ground his constitutional rights repeatedly were violated in parole suitability hearings at which he was found not suitable for parole. *See* 28 U.S.C. § 2254. At the time he commenced this action, petitioner was in prison. However, petitioner's counsel has notified the court that petitioner has been released to parole. Petitioner challenged the governor's reversal of a 2005 finding that petitioner was suitable for parole, and the governor declined to exercise his authority to review the grant. It thus appears that this action is moot. *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (case loses its quality as a "present, live controversy" and becomes moot when there can be no effective relief). Petitioner contends that the matters raised in the petition are not moot because he must serve a five-year term on parole, and that but for the constitutional violations asserted in the petition, he already would have been discharged therefrom. Thus, petitioner

asserts that he "still urgently requires relief from this Court in the form of an order that he be discharged from his parole term." Counsel requests a status conference to address this issue.

The law is clear that the conditions and restrictions imposed on a parolee constitute "custody" so as to vest a federal court with jurisdiction over the petitioner under 28 U.S.C. § 2254. *See Jones v. Cunningham,* 371 U.S. 236, 240-41 (1963). However, petitioner has not alleged that he has exhausted the claim he now wishes to pursue or that there is any basis in law for granting the relief he seeks.

Accordingly, it is ORDERED that:

1. The parties through counsel shall appear before the undersigned at 10:00 a.m. on Wednesday, January 30, 2008, in Courtroom No. 25 for a status conference and hearing on the questions of whether petitioner has exhausted the available state remedies and whether he is entitled to the relief he now seeks;

2. No later than 14 days before the date of the hearing, petitioner shall submit a status report and brief explaining why he believes he has exhausted the available state remedies and why he is entitled to the relief he seeks; and

3. No later than seven days before the date of the hearing, respondent shall file a status report and responsive brief.

Dated: November 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2