1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE THOMPSON,

11              Petitioner,                    No. CIV S-05-1708 GEB EFB P

12        vs.

13   THOMAS L. CAREY,
                                               ORDER AND
14              Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16        On June 8, 2009, the assigned district judge adopted the undersigned's May 5, 2009

17   findings and recommendations, granted plaintiff's application for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254, and directed respondent "to discharge petitioner from parole

19   within 30 days of this order, as provided by California Penal Code section 3000.1(b), unless the

20   Board of Parole Hearings determines that there is good cause to retain petitioner on parole,

21   makes a written record of its determination, and transmits a copy of it to petitioner."  Dckt. No.

22   84 at 2.  On December 2, 2009, petitioner filed a motion for an order discharging petitioner from

23   parole and noticed the matter for hearing before the undersigned on January 6, 2010.  Dckt. No.

24   85.  Respondent opposes the motion.  Dckt. No. 86.

25        Petitioner argues that respondent violated the June 8, 2009 order by failing to provide

26   petitioner (by July 8, 2009)  with a copy of a written decision to retain him on parole, and by

                                                1

retaining petitioner on parole "despite a lack of 'good cause' required by the Court to do so." Dckt. No. 85 at 3.  Petitioner further contends that respondent "violated the Court's order in that the process that led to the decision to retain [petitioner] on parole was based on errors and omissions, and was highly irregular and suspect indicating lack of good faith compliance with the order." *Id.* at 3-4.  Therefore, petitioner contends that "[b]ecause the Court's order required that [petitioner] be discharged from parole unless Respondent, in good faith, complied with the conditional terms of the alternative order by July 8, 2009, and Respondent has not complied, [petitioner] must be discharged from parole." *Id.* at 4.

Respondent acknowledges that he "inadvertently" failed to serve petitioner with a written copy of the Board's decision on July 6, 2009 to retain him on parole, but contends that because petitioner "was notified of the Board's decision orally and has received a written copy of the Board's decision, and because the Board found good cause to retain him on parole, his motion should be denied."  Dckt. No. 86 at 2.  Respondent argues that the inadvertent failure to timely provide petitioner with a written copy of the Board's decision did not cause petitioner any harm and does not warrant his discharge from parole.  *Id.* at 3.  Respondent further contends that, contrary to petitioner's allegations, the Board found that petitioner's commitment offense and the fact that he had been in the community for less than two years and needed further supervision constituted good cause to retain him on parole.  *Id.* at 3-4.  Respondent argues that petitioner's contention that the Board's decision is not supported by good cause "is a question of state law," and if petitioner "wishes to challenge the propriety of the Board's decision, then he can and should file a state petition for writ of habeas corpus."  *Id.* at 4.

Respondent's "inadvertent" failure to timely provide petitioner with a copy of the Board's written decision is disconcerting.  Nonetheless, petitioner has not shown that the failure warrants his discharge from parole.  There is no dispute that he was orally notified of the decision at the end of July 2009.  Moreover, he received his denial paperwork a few days later, and has now received a copy of the Board's formal written decision.  Dckt. No. 85-6 at 3; 87 at

2.  Further, although petitioner raises several potentially legitimate concerns regarding the Board's justification for retaining petitioner on parole, the undersigned will not recommend that this court second guess the Board's "good cause" determination without permitting the state court to first consider the issue.[1]  *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.").  As respondent points out, if petitioner wishes to challenge the Board's decision to retain him on parole, he may file a state habeas petition challenging that decision.

Accordingly, it is hereby ORDERED that the January 6, 2009 hearing on petitioner's motion is vacated.  Further, it is hereby RECOMMENDED that petitioner's motion for discharge from parole, Dckt. No. 85, be denied and the Clerk be directed to enter final judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

[1]  Petitioner contends that because the "good cause" requirement was incorporated into the Court's June 8, 2009 order, in order to enforce that order, the Court "is empowered to determine if there is evidence of good cause to retain [petitioner] on parole.  If there is not, the Court should order his discharge."  Dckt. No. 87 at 3.  Petitioner argues that "due process of law requires as much, for retention on parole without any evidence establishing cause for such is arbitrary and capricious – for the same reasons that denial of parole without any supporting evidence violates due process."  *Id.*  Petitioner is correct that the June 8, 2009 order required the Board to discharge petitioner absent a determination that there is good cause for his retention.  However, the order specifically referenced and cited to the procedures set forth in California Penal Code section 3000.1.  Here, the Board determined that petitioner's commitment offense and the fact that petitioner had been in the community for less than two years and needed further supervision provided good cause to retain petitioner on parole.  Whether or not those reasons amount to "good cause" within the meaning of section 3000.1, and therefore whether petitioner's retention on parole violates due process, should first be considered by the state court.

1    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  January 5, 2010.

4

5                                                  EDMUND F. BRENNAN
                                                   UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26